**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AYDIN T. ONER, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No.: 2:16-cv-00325-GMN-PAL |
| ) | |
| CREDITORS SPECIALTY SERVICE, *et* ) | **ORDER** |
| *al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is the unopposed Motion for Preliminary Injunction (ECF No. 2) filed by *pro se* Plaintiff Aydin T. Oner ("Plaintiff"). For the reasons set forth below, Plaintiff's Motion is **DENIED**.

## I.     BACKGROUND

This case arises from Defendants Creditors Specialty Service, Tim Fuller, and Charles Stanley's (collectively "Defendants") alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Nevada Deceptive Trade Practices Act pursuant to Nevada Revised Statutes chapter 598. (Am. Compl. at 5–6, ECF No. 5). Specifically, Plaintiff alleges that "Defendants prevailed in a small claims case in the Las Vegas Justice Court, . . . have obtained a writ of execution, and are threatening to garnish [Plaintiff's] paychecks." (Mot. Prelim. Inj. at 2, ECF No. 2). In the instant Motion, Plaintiff seeks "an injunction preventing any Defendant or their attorneys or agents from executing any writ of execution or otherwise enforcing any order or judgment of the justice court" for Defendants' alleged violations of the FDCPA. (*Id.* at 2–3).

## II.    LEGAL STANDARD

Preliminary injunctions and temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22.  "[C]ourts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id*. at 24 (internal quotation marks omitted).

Irreparable harm cannot be "economic injury alone . . . because such injury can be remedied by a damage award." *Rent-A-Center, Inc. v. Canyon Tele. & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991).  However, the Ninth Circuit has recognized "intangible injuries" as well. *Id.* (indicating "advertising efforts and goodwill" as such injuries in a case regarding a non-compete clause of a contract); *see also Regents of Univ. of Cal. V. Am. Broad. Cos.*, 747 F.2d 511, 519–20 (9th Cir. 1984) (noting in an antitrust case that "ongoing recruitment efforts and goodwill" qualify as irreparable harm).

## III.    DISCUSSION

Having considered Plaintiff's brief and accompanying exhibit, the Court finds that Plaintiff has failed to sufficiently establish his claim of irreparable harm.  On this point, Plaintiff alleges that he will be irreparably harmed because Defendants seek to "garnish[ his] paychecks and bank accounts." (Mot. Prelim. Inj. at 2, ECF No. 2).  As discussed above, however, Plaintiff's injury "does not support a finding of irreparable harm,

1   because such injury can be remedied by a damage award." *Rent-A-Center*, 944 F.2d at

2   603; *see also Sampson v. Murray*, 415 U.S. 61, 90 (1974) ("[T]he temporary loss of

3   income, ultimately to be recovered, does not usually constitute irreparable injury . . . .

4   Mere injuries, however substantial, in terms of money, time and energy necessarily

5   expended . . . are not enough."). Further, even if Plaintiff were to succeed under the

6   FDCPA, because it only provides for the award of monetary damages and does not

7   provide for injunctive relief, Plaintiff would not be entitled to the remedy he seeks. *See*

8   15 U.S.C. § 1692k. Because Plaintiff has failed to show that such potential injury cannot

9   be adequately remedied by monetary damages, the Court denies the Motion for

10   Preliminary Injunction.

11   **IV.    CONCLUSION**

12       **IT IS HEREBY ORDERED** that Plaintiff's Motion for Preliminary Injunction

13   (ECF No. 2) is **DENIED**.

14       **DATED** this __23__ day of June, 2016.

15

16   _____

17   Gloria M. Navarro, Chief Judge
     United States District Court

18

19

20

21

22

23

24

25