UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AYDIN T. ONER, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:16-cv-00325-GMN-PAL |
| vs. ) | |
| ) | **ORDER** |
| CREDITORS SPECIALTY SERVICE, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is the Motion for Clerk's Entry of Default, (ECF No. 4), filed by pro se Plaintiff Aydin T. Oner ("Plaintiff").[1]  For the reasons discussed below, the Court DENIES Plaintiff's Motion.

I. **BACKGROUND**

On February 17, 2016, Plaintiff filed his Complaint, (ECF No. 1), asserting violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, and the Nevada Deceptive Trade Practices Act, NRS § 598, against Defendants Creditors Specialty Service aka Creditors Specialty Service, Inc. and Tim Fuller (collectively "Defendants").  Shortly thereafter, Plaintiff filed the instant Motion for Clerk's Entry of Default, (ECF No. 4), pursuant to Federal Rule of Civil Procedure 55(a).  Plaintiff also filed documents indicating that on March 19, 2016, service was effected on Defendants by certified mail. (*See* ECF No. 6).  Defendants have not filed an answer or otherwise appeared.

---

[1] In light of Plaintiff's status as a pro se litigant, the Court has liberally construed his filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## II. DISCUSSION

A clerk's entry of default is governed by Federal Rule of Civil Procedure 55(a), which provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a).

As a prerequisite to entry of clerk's default, a plaintiff must demonstrate that he properly effected service on the defaulting party. *See, e.g.*, *Frederick v. Fed. Nat. Mortg. Ass'n*, No. 2:11-cv-00522-GMN, 2013 WL 2896960, at *5 (D. Nev. June 11, 2013). Under Federal Rule of Civil Procedure 4(e), service may be effected by: (i) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; (ii) delivering a copy of the summons and of the complaint to the individual personally; (iii) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (iv) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e). Nevada law permits service on an individual by any of the latter three methods authorized by the federal rules. *See* Nev. R. Civ. P. 4(d)(6).[2]

Plaintiff sent each Defendant a copy of the Summons by certified mail. (*See* ECF No. 6). The Notice filed by Plaintiff does not indicate whether Plaintiff included a copy of the Complaint. (*See id.*). This does not comply with the requirements for personal service under Federal Rule of Civil Procedure Rule 4(e). Plaintiff has also not complied with Rule 4(d)(6) of the Nevada Rules of Civil Procedure, which is effectively identical to Federal Rule 4(e)(2).

---

[2] Additionally, NRS § 14.090(1)(b) authorizes service of process on an individual through certified mail if a court is satisfied that the person's residence is accessible only through a gate, there is no guard on duty at the gate, and entry though the gate is not reasonably available. Plaintiff has made no allegation that these circumstances exist in this case.

1  Consequently, Plaintiff has failed to effect proper service on Defendants, and an entry of

2  clerk's default against Defendants is therefore inappropriate.

3       In light of this conclusion, the Court finds it appropriate to require Plaintiff to show

4  cause as to why this action should not be dismissed without prejudice as to Defendants pursuant

5  to Federal Rule of Civil Procedure 4(m).[3]  Rule 4(m) provides in pertinent part as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff– must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

10 Fed. R. Civ. P. 4(m).  Failure to comply with this Order shall result in automatic dismissal of

11 the action without prejudice.

12 / / /

13 / / /

14 / / /

15 / / /

16 / / /

17 / / /

18 / / /

19 / / /

20 / / /

---

[3] The Clerk of Court has entered Notice, (ECF No. 14), of its intent to Dismiss Defendant Charles Stanley ("Stanley"), a party added in Plaintiff's Amended Complaint, (ECF No. 5), pursuant to Rule 4(m).  Plaintiff filed a Motion asking the Court "to suspend the clerk's threatened dismissal." (Mot. at 1, ECF No. 15).  Although unclear, Plaintiff appears to be waiting on a decision on the Motion for Clerk's Entry of Default before serving Stanley. (*See* Obj., ECF No. 17).  In light of Plaintiff's status as a pro se litigant, the Court GRANTS this Motion in that the Court will not dismiss Stanley at this time.  The Court will, however, require Plaintiff to adhere to the timeline provided herein with regard to demonstrating that Stanley should not be dismissed for Plaintiff's failure to file proof of proper service as to him.

III.     **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Clerk's Entry of Default, (ECF No. 4), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion, (ECF No. 15), regarding the Clerk's Notice of intent to dismiss pursuant to Rule 4(m) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action shall be dismissed without prejudice as to Defendants Creditors Specialty Service aka Creditors Specialty Service, Inc., Tim Fuller, and Charles Stanley unless on or before April 6, 2017, Plaintiff files proof of service as to Defendants or demonstrates good cause as to why such service was not made in that period.

**DATED** this __6__ day of March, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge